THE CITY OF NEW YORK, Respondent, *v.* THE NEW YORK STEAM COMPANY, Appellant.

First Department, May 18, 1917.

Municipal corporations — action by city to recover amount of judgment against it for personal injuries — defect in asphalted street caused by steam — evidence — testimony that water from leaking main maintained by plaintiff came in contact with defendant's steam pipes.

In an action in which the city of New York seeks to recover the amount of a judgment recovered against it for personal injuries resulting from a depression in a street caused by the softening of the asphalt by steam which the plaintiff contends escaped from an underground steam pipe maintained by the defendant, it was error to exclude evidence offered by the defendant to show that the steam was caused by a leak in the plaintiff's water main which allowed water to come in contact with the defendant's steam pipe, thus generating the steam which caused the injury.

It was also error to exclude evidence that an excavation made by the defendant five days after the accident showed that the plaintiff's main was leaking, for the elapse of five days was not sufficient to deprive the testimony of value as evidence.

APPEAL by the defendant, The New York Steam Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of December, 1915, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of December, 1915, denying defendant's motion for a new trial made upon the minutes.

*John H. Jackson* [*Theodore H. Lord* on the brief], for the appellant.

*Charles J. Nehrbas,* for the respondent.

DAVIS, J.:

The administratrix of William A. Foley recovered a judgment against the city for $1,239.31 as damages for the death of her husband. On November 9, 1912, William A. Foley, while driving a truck at the intersection of Broad and Beaver streets, in the city of New York, was thrown from his seat by reason of his wheel going into a depression in the asphalt at that point

First Department, May, 1917.          [Vol. 178.

and received injuries resulting in his death. The depression in the asphalt was contiguous to a box maintained by defendant in the street for the purpose of enabling it to reach and control a valve in its steam pipe five or six feet below the surface of the street. The asphalt in the vicinity of this box had been so softened by the heat of steam escaping through the box that a depression had been made in the asphalt, leaving the box protruding above the surface several inches. It was the driving over this depression and box that caused the accident to Foley. The action was brought against both the city and the steam company, but it was discontinued as to the steam company, and judgment was recovered against the city. The city notified the steam company to come in and defend, but it refused, and this present action was brought against the steam company to recover the amount of the judgment against the city.

The complaint alleges that defendant maintained a large steam service pipe at the intersection of Broad and Beaver streets and that steam escaping from the steam service pipe through defendant's street box at that point caused a condition in the roadway amounting to a nuisance, resulting in the death of Foley, damages for which the city had to pay; that the unlawful and negligent acts of this defendant caused the death of Foley, which made defendant primarily liable for the damages sustained.

In support of its contention the plaintiff showed that steam issued from the street box, and it was conceded that this steam caused the softening of the asphalt. Beyond this, however, there was little evidence to show that the steam came from defendant's pipe.

It was shown by competent evidence that the steam in question could have been caused by water coming into contact with defendant's hot pipes, and that it would come to the surface through defendant's street box. It was also shown that the plaintiff maintained at the point in question a twelve-inch high-pressure water main which lay about fifteen inches above and about eighteen inches to the north of defendant's steam pipe. The defendant offered proof to show that the water main had leaked, and that the water therefrom coming in contact

with the pipe of the defendant generated the steam which caused the softening of the asphalt. On this point the defendant proved that it made an excavation at the point in question five days after the accident and found that the plaintiff's water main was leaking, and that water was coming from the north and west. This testimony was stricken out upon objection of the plaintiff and exception taken, and further efforts of the defendant to show the condition of the plaintiff's water main were equally unavailing. We think it was error to reject this testimony. The lapse of five days between the date of the accident and the date of the examination by defendant of the plaintiff's water main is not sufficient to deprive this testimony of value as evidence. Had the defendant been allowed to show the actual condition of plaintiff's water main, the fact that it was leaking, and the fact that the surrounding earth was full of water reaching up to the defendant's steam pipe, the jury might well have inferred that the defendant was not responsible for the steam that escaped from the street box.

The judgment and order are reversed and new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.